Douglas B. RATH, Plaintiff–Appellee,

v.

GALLUP, INC., successor to Selection Research, Inc.; James R. Krieger, Defendants–Appellants,

Donald O. Clifton; Connie Clifton Rath; Mick Zangari; SRI Gallup, Inc.; SRI Gallup Selection & Development, Inc.; James K. Clifton, Defendants.

No. 94–2771.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1995.

Decided April 7, 1995.

Roger P. Cox, Lincoln (Roger P. Cox and Gregory D. Barton, on the brief), for appellants.

John R. Hunt, Atlanta, GA (Arch Stokes and John R. Hunt, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and MURPHY, Circuit Judges.

PER CURIAM.

In mid–1989, Selection Research, Inc. (SRI), terminated Douglas B. Rath. Rath sued SRI and various SRI officers and directors in federal court, alleging an ERISA retaliation claim and numerous pendent state law claims. The district court granted summary judgment dismissing Rath's ERISA claim for failure to establish a prima facie case. With the sole federal question thus resolved, the court dismissed Rath's state law claims without prejudice. We affirmed. *Rath v. Selection Research, Inc.,* 978 F.2d 1087 (8th Cir.1992) (*Rath I* ).

Rath then commenced two actions in Nebraska state court against SRI's successor, Gallup, Inc., and SRI officers Donald Clifton and James Krieger. In March 1994, the Nebraska court dismissed Rath's claims against Clifton and a breach of fiduciary duty claim against Gallup, but denied Gallup's motion for summary judgment dismissing Rath's wrongful termination claims. The state court rejected Gallup's contention that Rath is collaterally estopped by our decision in *Rath I* to assert that he was terminated without just cause.

Gallup and Krieger then returned to district court and moved to enjoin Rath from prosecuting his state court actions, invoking the "relitigation exception" to the Anti–Injunction Act, 28 U.S.C. § 2283, and arguing that the collateral estoppel effect of *Rath I* forecloses Rath's remaining state law claims. The district court denied that motion because "defendants have failed to show that the issue sought to be precluded in the state court is the same as that involved in the federal [ERISA] case." Gallup and Krieger appeal. The Nebraska court has since dismissed Rath's separate action against Krieger, but the action against Gallup is progressing to trial, so this appeal is not moot.

Gallup's collateral estoppel argument is as follows: we decided in *Rath I* that Rath was terminated because of "poor work performance"; that decision was necessary to our resolution of Rath's ERISA claim; ter-

mination for poor work performance is termination for just cause under state law; therefore, Rath is collaterally estopped to assert in state court that he was discharged without just cause, and his state court actions should be enjoined. The state court and the district court held that this proposition fails because its initial premise is faulty. We agree.

In *Rath I*, we analyzed the summary judgment record regarding Rath's claim of unlawful ERISA retaliation. We concluded (i) that defendants had articulated a legitimate, non-discriminatory reason for Rath's termination, namely, poor work performance; (ii) that Rath had failed to discredit this showing or to submit other evidence of unlawful retaliation; and therefore (iii) that his summary judgment proof failed "the third or pretext stage of the *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] inquiry." 978 F.2d at 1090. Rath's ERISA claim turned on whether he was terminated in retaliation for protected ERISA activity. We concluded ERISA retaliation *was not* the reason he was terminated. That was the only issue that was "actually litigated" for collateral estoppel purposes. If it is relevant to Rath's state law claims to determine the reason that he *was* terminated, that distinct issue must be decided in state court.

We are not pleased that Gallup only returned to federal court with its collateral estoppel theory after that theory was rejected by the Nebraska state court. It is more than ironic for Gallup to invoke the so-called relitigation exception to the Anti–Injunction Act in order to relitigate an issue it has lost in state court; it is wasteful of judicial resources. Appellants are ordered to show cause within twenty days why we should not award appellee double costs for a frivolous appeal. *See* Fed.R.App.P. 38.

The judgment of the district court is affirmed. Appellants' motions to strike portions of appellee's appendix and to supplement the record on appeal are granted.