United States Court of Appeals,

Eleventh Circuit.

No. 97-8170.

Sandra L. PLEMING, Plaintiff-Appellant,

v.

UNIVERSAL-RUNDLE CORPORATION, Defendant-Appellee.

June 8, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:96-CV-0317-MHS), Marvin H. Shoob, Judge.

Before BIRCH, Circuit Judge, FAY, Senior Circuit Judge, and COHILL[*], Senior District Judge.

BIRCH, Circuit Judge:

This appeal requires us to address whether the doctrines of *res judicata* or collateral estoppel bar a cause of action for employment discrimination and retaliation. In the course of prior litigation, the parties briefed and discussed the incidents giving rise to the complaint in the present case but never amended the pleadings in the first litigation to include a claim based on the incidents. The plaintiff-appellant maintains that, because our precedents did not require her to amend her complaint to include claims based on incidents of alleged discrimination discovered after she filed her first lawsuit, *res judicata* and collateral estoppel cannot now prevent her from bringing the discovered claims in a second lawsuit. The district court found that the plaintiff-appellant had asserted the subsequent incidents before the first court and, therefore, held that *res judicata* or, alternatively, collateral estoppel barred the suit. We disagree and REVERSE.

BACKGROUND

---

[*]Honorable Maurice B. Cohill, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

In the summer of 1992, plaintiff-appellant, Sandra L. Pleming, suffered a back injury while she worked as a laborer for defendant-appellee, Universal-Rundle Corporation ("Universal-Rundle"). In July 1993, she applied for a clerical position that would have been less physically demanding but would have paid her less than what she earned as a laborer. Although apparently qualified for the position, Pleming did not receive the job. In August 1994, Pleming filed an employment discrimination lawsuit in federal district court alleging that Universal-Rundle had discriminated against her based on her race and disability. Pleming's complaint relied on Title VII, 42 U.S.C. § 2000e, *et. seq.,* and 42 U.S.C. § 1981. Although Pleming stated a *prima facie* case of discrimination, Universal-Rundle explained that it had not hired Pleming for the clerical position because the company had a policy against allowing employees to transfer to lower paying jobs.

In October 1994, during the course of the litigation, two additional clerical positions of the type Pleming sought opened at Universal-Rundle. Pleming did not apply for either of these positions and the company filled them with other applicants. In fact, Pleming did not learn about these additional positions at Universal-Rundle until May 1995, during the course of discovery. Although Pleming never amended her complaint to include allegations of discrimination arising out of these incidents, she described the incidents in her briefs before the magistrate judge and the district court. Pleming sought to use these incidents to prove that Universal-Rundle's policy was a pretext for discrimination and thus avoid summary judgment on her claims arising out of the July 1993 hiring decision. A magistrate judge found that Pleming's claims of racial discrimination were sufficient to withstand Universal-Rundle's motion for summary judgment. The magistrate judge's report and recommendation (the "report") included a reference to the two clerical positions that Universal-Rundle had filled after Pleming filed her complaint. The district court, however, granted

summary judgment in favor of Universal-Rundle, finding that Pleming had failed to prove that the company's non-discriminatory explanation was pretext, and a panel of this court affirmed without opinion. *See Pleming v. Universal-Rundle Corp.,* No. 1:94-cv-2004-RLV, slip. op. (N.D.Ga. Nov. 22, 1995), *aff'd,* 100 F.3d 971 (11th Cir.1996) ("*Pleming I* ").

On January 30, 1996, after the district court entered summary judgment in favor of Universal-Rundle in *Pleming I,* Pleming filed another complaint in federal district court alleging discrimination and retaliation against her in the company's decision to hire other applicants for the October 1994 clerical openings. Pleming based her claims in this second lawsuit on 42 U.S.C. § 1981. Universal-Rundle moved to dismiss the complaint on the ground that either *res judicata* or collateral estoppel barred the suit because Pleming had already litigated and lost on her claims arising out of the October 1994 hiring decisions. The district court agreed and dismissed Pleming's complaint.

DISCUSSION

We subject the district court's decision to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b) to *de novo* review. *See In re Johannessen,* 76 F.3d 347, 349 (11th Cir.1996). Although the parties are in essential agreement about the material facts of the case, we assume the allegations of the plaintiff's complaint to be true and construe the facts in the light most favorable to the plaintiff. *Id.* at 350.

I. *Res Judicata*

First, we address the district court's holding that the principles of *res judicata* barred Pleming's second lawsuit. As the district court correctly observed, the doctrine of *res judicata* provides repose by preventing the relitigation of claims that have already been fully litigated and

decided.  *Res judicata,* or claim preclusion, bars a subsequent claim when a court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties.  *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir.1986).[1]  Pleming concedes that, if her second suit involves the same cause of action decided in *Pleming I, res judicata* bars this litigation because her case satisfies all the other elements of the doctrine.

The determination of whether a litigant has asserted the same cause of action in two proceedings depends upon whether the primary right and duty are the same in both cases.  *See Manning v. City of Auburn,* 953 F.2d 1355, 1358 (11th Cir.1992).  *Res judicata* acts as a bar "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."  *Id.* at 1358-59 (quoting *NAACP v. Hunt,* 891 F.2d 1555, 1561 (11th Cir.1990) (internal quotation omitted)).  A court, therefore, must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case.  *Id.* at 1359.

---

[1]Neither the parties nor the district court address whether state or federal principles of *res judicata* apply to the case at bar.  Our precedents on this question appear to lead in two different directions.  *Compare Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1503 (11th Cir.1984) (a federal court reviewing the preclusive effect of a prior federal judgment applies federal common law) *with NAACP v. Hunt,* 891 F.2d 1555, 1560 (11th Cir.1990) ("Federal courts apply the law of the state in which they sit with respect to the doctrine of *res judicata.*").  As a result, the district courts have found themselves in some confusion.  *See e.g., Jones v. New England Life Ins. Co.,* 974 F.Supp. 1476, 1479-81 (M.D.Ga.1996) (describing these precedents).  Since both federal and Georgia principles of *res judicata* require the cause of action in the first and second lawsuit to be the same, *compare Durbin,* 793 F.2d at 1549, *with Waldroup v. Greene County Hosp. Auth.,* 265 Ga. 864, 866, 463 S.E.2d 5, 7 (1995), we need not resolve the conflict to decide this appeal.  We note the problem, however, in the hope that future litigants will consider and brief the issue.

Pleming's first lawsuit claimed that Universal-Rundle discriminated against her when the company hired a less qualified white employee for a specific clerical position in July 1993. Pleming did not learn that the company had engaged in alleged further discrimination against her by filling two subsequent administrative openings in October 1994 without considering her, until May 1995, during the conduct of discovery in the first lawsuit. Pleming's first complaint, therefore, contained no mention of these subsequent hiring decisions and Pleming did not amend her complaint to include them.

In *Manning,* we considered a situation in which a plaintiff elected not to participate in an employment discrimination class-action but brought a second suit alleging employment discrimination against the same defendant. The operative facts that gave rise to the plaintiff's claims for discrimination had not occurred when the class filed its claim but some of those facts occurred before the district court dismissed the plaintiff from the class action. The *Manning* plaintiff, therefore, had an opportunity to preserve her claims in the class action by filing a supplemental pleading or by participating in discovery in that case. *See id.* at 1359. We, however, observed that Federal Rule of Civil Procedure 15(d), which governs supplemental pleadings, makes such a pleading optional and held that the doctrine of *res judicata* does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim. *Id.* at 1360. We explained that the parties frame the scope of litigation at the time the complaint is filed and that a judgment is only conclusive regarding the matters that the parties might have litigated at that time but not regarding "new rights acquired, pending the action which might have been, but which were not required to be litigated." *Id.* (quoting *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,* 750 F.2d 731, 739 (9th Cir.1984)) (internal quotations omitted). We then explained that:

5

> [W]e do not believe that the res judicata preclusion of claims that "could have been brought" in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation. Instead, we believe that, for res judicata purposes, claims that "could have been brought" are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings *or otherwise* in the earlier action.

*Id.* (second emphasis added) (footnote omitted); *see also Commercial Box & Lumber Co. v. Uniroyal, Inc.,* 623 F.2d 371, 374 n. 2 (5th Cir.1980) (arriving at a similar conclusion).[2]

The parties in this case agree that the events giving rise to *Pleming II* arose well after Pleming filed and amended her complaint in the first lawsuit. The parties also agree that, given our holding in *Manning,* Pleming was under no obligation to amend or supplement her complaint and that she did not do so. Universal-Rundle, however, points out that the *Manning* opinion left open the possibility that a litigant could assert a claim by other means and contends that Pleming actually asserted her claims arising out of the October 1994 hiring decisions in the *Pleming I* proceedings by including those incidents in her briefs. Pleming admits that her briefs did refer to these incidents to provide evidence that Universal-Rundle's explanation for hiring someone else in July 1993 was pretextual. The question of whether *res judicata* bars Pleming's claims, therefore, turns on whether the discussion of a related but distinct cause of action in briefs amounts to the *actual assertion* of that claim in the first proceeding.[3]

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3]Universal-Rundle also contends that the July 1993 and October 1994 incidents do not present factually distinct causes of action, but rather the same claim litigated on a different legal theory. Universal-Rundle's argument that both incidents concern the company's duty to hire Pleming in a clerical capacity is overbroad and unpersuasive. Pleming has not attempted to relitigate the circumstances of the July 1993 hiring decision under a different legal theory. Instead, Pleming alleges that the October 1994 incidents, which took place over a year later, constitute independent acts of discrimination. *See e.g., Mahroom v. Hook,* 563 F.2d 1369, 1377 (9th

6

We addressed a similar question in *Coon v. Georgia Pacific Corp.,* 829 F.2d 1563 (11th Cir.1987), and held that a district court had not abused its discretion by refusing to consider a plaintiff's unpled claims even though the plaintiff had included the claims in her briefs and discovery requests. *Id.* at 1568-71. In *Georgia Pacific,* the district court held that the plaintiff's references to unpled incidents of alleged discrimination in her pretrial stipulation, in her motions before the court, and throughout the conduct of discovery were no substitute for the factual allegations of a complaint required by Federal Rule of Civil Procedure 8. We affirmed the district court, noting that although the plaintiff was free to plead her additional claims in the litigation, she had not done so: "These claims were not somehow "present' within her complaint, despite her failure to allege them." *Id.* at 1570. Of particular relevance to the case before us, the *Georgia Pacific* court rejected the plaintiff's argument that the claims were properly before the district court because she alleged they were part of a "continuing violation." *Id.* (citing cases that require a plaintiff to *plead* instances of continuing violations that occur after the initiation of an EEOC charge or similar litigation before they are properly before the court); *Jones v. Florida Power Corp.,* 825 F.2d 1488, 1492-93 (11th Cir.1987) (upholding a district court's refusal to hear evidence on incidents of discrimination that tended to establish a pattern of racial discrimination because the plaintiff's complaint contained no allegations regarding either the incidents or the pattern of discrimination); *see also Wu v. Thomas,* 863 F.2d 1543, 1548-49 (11th Cir.1989) (inclusion of testimony in a prior action that touched on the substance

Cir.1977) (holding that identical allegations of discrimination in connection with a hiring decision two years after the subject of an earlier proceeding constituted a separate cause of action). Universal-Rundle's reliance on ambiguous language in our predecessor court's opinions to support the proposition that *res judicata* bars litigation regarding subsequent acts that arise after the plaintiff files a complaint in the first action but before the court enters judgment is unpersuasive in light of our opinion in *Manning.*

7

of second cause of action for retaliation could not implicitly amend the complaint in the prior action).

Although *Manning* intimated that a litigant may "otherwise" assert a claim, without filing a supplemental pleading, the court did not purport to suspend the Federal Rules of Civil Procedure. We believe that these other means must conform with the rules of procedure and would, for example, include an amendment pursuant to Rule 15(b) or the assertion of a claim through a pretrial order pursuant to Rule 16(e).[4] Neither of these options apply to this case. Since Universal-Rundle objected to Pleming's statements about the October 1994 incidents in her briefs, it is clear that the parties could not have tried the issue "by express or implied consent." *See* Fed.R.Civ.P. 15(b) (which permits a court to treat such issues as if they had been pled in the complaint). Moreover, neither the magistrate judge nor the district court entered a pretrial order in this case.

Pleming's references to the October 1994 incidents of alleged discrimination during the first lawsuit are similar to the references that we have held insufficient to assert a claim before a district court. In her response to Universal-Rundle's motion for summary judgment, Pleming argued that the October 1994 incidents demonstrated pretext in connection with the July 1993 hiring decision and asserted that the incidents constituted evidence of a "continuing violation." Pleming also used the October 1994 incidents in her objections to the magistrate judge's report to provide evidence of discriminatory intent. As the cases discussed above reveal, however, Pleming's references to the

---

[4]We note, however, that there is precedent in this circuit, preceding our opinion in *Manning,* that holds that a plaintiff's interjection of unpled matters into a supplementary pretrial statement and introduction of evidence on those matters as "background material" to distinct legal claims does not bar the subsequent litigation of the plaintiff's independent claims arising out of those matters. *See Stevenson v. International Paper Co.,* 516 F.2d 103, 111 (5th Cir.1975). We express no opinion on whether the result in *Stevenson* properly might be limited to its facts.

incidents in her briefs were insufficient to put her claims of discrimination and retaliation arising out of the October 1994 incidents before the district court pursuant to the Federal Rules of Civil Procedure. Accordingly, these references were insufficient to actually assert these claims in the prior litigation as contemplated in *Manning*.

Universal-Rundle pushed for exactly this conclusion before the magistrate judge and the district court in *Pleming I* when it argued that the October 1994 incidents were beyond the scope of Pleming's complaint and therefore not properly before the court. The company now contends that the magistrate judge implicitly rejected its position by including Pleming's contentions in his report. The "Background Facts" portion of the report includes two sentences regarding the October 1994 vacancies, but the report limits its analysis to Pleming's claim of discrimination arising out of the company's July 1993 decision to award the clerical position to a white employee.[5] Similarly, the district court's opinion, which rejected the magistrate judge's conclusions on the employment discrimination claims and granted Universal-Rundle's motion for summary judgment, made no mention of the October 1994 incidents. The isolated reference in the magistrate judge's report does not support the defendant's contention that the magistrate judge and the district court actually adjudicated an unpled and unasserted claim. At best, the report's reference to the post-1993 openings indicates that the magistrate judge may have considered the events as evidence of pretext but does nothing to suggest that the magistrate judge actually rendered a decision about whether those events constituted independent or even continuing acts of employment discrimination. As a

---

[5]The report states in pertinent part: "Other clerical positions became available after July 1993. Plaintiff did not apply for any of these positions." R1-4, Exh.1 at 6 (citations omitted).

result, we find that the district court erred when it decided that *res judicata* barred Pleming's claims of discrimination arising out of the October 1994 incidents.

II. Collateral Estoppel

We must also address the district court's alternative holding that collateral estoppel bars Pleming's second lawsuit. While *res judicata* bars the relitigation of claims, collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding. *See Durbin,* 793 F.2d at 1549. To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* The district court found that the *Pleming I* court, before it could have granted summary judgment in Universal-Rundle's favor, necessarily evaluated Pleming's claims regarding the October 1994 incidents and found no evidence of discrimination.

Our conclusion that Pleming did not actually assert a claim for employment discrimination arising out of the October 1994 incidents in the first lawsuit leads us to question whether the parties actually litigated those issues. The United States Court of Appeals for the Seventh Circuit has explained that the actual litigation requirement for the application of collateral estoppel "will usually be satisfied merely by the designation of the question as one for trial (for example by its being listed on the pretrial order as an issue that is to be tried ... ), even if no evidence is introduced...." *Truck Ins. Exch. v. Ashland Oil, Inc.,* 951 F.2d 787, 792 (7th Cir.1992); *see also Restatement (Second) of*

*Judgments* § 27 cmt. d (1982) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated....").[6] Although it is clear that Pleming made no such formal declaration of her intent to litigate the October 1994 incidents during *Pleming I,* Universal-Rundle argues that because Pleming offered the incidents as evidence of discriminatory intent and pretext, Pleming actually litigated her claims for employment discrimination arising out of those incidents.

We rejected a similar argument, however, as "completely devoid of merit" in *Wu,* 863 F.2d at 1548-49. In that case, we found that a judgment against the plaintiff on prior claims of gender discrimination did not collaterally estop a subsequent claim for retaliation, even though the testimony offered in the first trial "touched on" the defendant's retaliatory actions. *Id.* Similarly, we cannot accept Universal-Rundle's contention that Pleming litigated her claims arising out of the October 1994 incidents, including her claims of retaliation for filing *Pleming I,* simply by offering the incidents as evidence of pretext in a distinct employment decision. This is not a case in which the plaintiff squarely presented an issue for decision in the first litigation and failed to carry the burden of proof; rather, "[i]t was neither framed by the pleadings as an issue nor decided by the district judge." *Ashland Oil,* 951 F.2d at 793.

We note that Pleming's present complaint alleges that Universal-Rundle did not hire her for a clerical position in October 1994 at least in part to retaliate against her for filing the *Pleming I* litigation. Regardless of what else Pleming may have argued in the first lawsuit, it is clear that the

---

[6]Once again, we note that the parties and the district court have failed to address whether federal or state principles of collateral estoppel apply to this question. As we observed above, however, both Georgia and federal law require the actual litigation of the issue in question in the prior proceeding. *Compare Durbin,* 793 F.2d at 1549, *with Waldroup,* 265 Ga. at 867, 463 S.E.2d at 7.

subject of retaliation did not arise, and Universal-Rundle does not contend otherwise. Moreover, to the extent Pleming did raise the October 1994 incidents in the first litigation, she did not "actually litigate" the question of whether those incidents would themselves constitute employment discrimination. Pleming sought to introduce these incidents to show that Universal-Rundle's citation to a policy against transferring employees to lower paying jobs was pretextual. Pleming attempted to show pretext by proving that although Universal-Rundle knew by October 1994 that she could not handle the physical demands of her higher paying position and, therefore, could not demand that the company return her to that job, the company still refused to hire her in a clerical position. Much like we held in *Wu,* this tangential reference to the events of October 1994 was an insufficient basis for district court's conclusion that the parties had actually litigated the issue.[7] *Cf. Rath v. Gallup, Inc.,* 51 F.3d 791, 793 (8th Cir.1995) (a plaintiff's failure to establish pretext in a prior litigation establishes only that the employment decision in question was not improperly motivated and that was the only issue that was " "actually litigated' for collateral estoppel purposes"); *United States v. Woods,* 484 F.2d 127, 138 (4th Cir.1973) (finding that a grant of acquittal on one count of a criminal prosecution did not collaterally estop the prosecution from offering evidence on that count to prove absence of accident on other counts). Accordingly, we reverse the district court's alternative holding that collateral estoppel barred Pleming's suit in this case.

---

[7]Throughout its brief Universal-Rundle cites to a number of cases that make the point that failure to make all the arguments possible in support of a position in the first litigation does not preclude the application of collateral estoppel. *See Zip Dee, Inc. v. Dometic Corp.,* 905 F.Supp. 535 (N.D.Ill.1995). We find no fault with those cases but find that they offer little assistance in our analysis of this case. Pleming did not attempt to litigate her independent claims of employment discrimination and retaliation on a different legal theory in *Pleming I;* she simply sought to use them as evidence to contradict Universal-Rundle's explanations regarding the July 1993 decision.

CONCLUSION

Pleming asks us to reverse the district court's decision to dismiss her complaint as barred by the doctrines of *res judicata* and collateral estoppel. We conclude that the district court erred when it found that Pleming actually asserted claims for employment discrimination and retaliation arising out of incidents that occurred after she filed her complaint in *Pleming I.* We also find that the district court erred in its alternative holding that Pleming's references to these incidents in her briefs in *Pleming I* constituted actual litigation of those claims. Accordingly, we hold that *res judicata* and collateral estoppel do not bar Pleming's complaint in this subsequent lawsuit. We REVERSE and REMAND this case to the district court for further proceedings consistent with this opinion.