**Sandra L. PLEMING, Plaintiff,**

v.

**UNIVERSAL–RUNDLE CORP., Defendant.**

No. Civ.A. 1:96–CV–317–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 17, 1999.

**1330**

Ethel L. Munson, Atlanta, GA, for Plaintiff.

Kenneth J. Barr, Michelle C. Hamilton, Fisher & Phillips, LLP, Atlanta, GA, for defendant

## ORDER

SHOOB, Senior District Judge.

This action is before the Court on defendant's motion for summary judgment.[1] For the following reasons the Court grants the motion.

### Procedural Background

Sandra Pleming, an African–American female, worked as a laborer for Universal–Rundle Corporation ("Universal–Rundle") from September 1991 to October 1993. Her employment was governed by a collective bargaining agreement. In August 1992, she suffered an on-the-job back injury. Because of her injury, she was unable to perform her job full-time and was put on "light duty". In October 1993, plaintiff left work and went on worker's compensation. Pursuant to company policy, she was terminated in December 1995 because she was on worker's compensation and had been unable to return to work for more than one year.

In August 1994, Pleming filed suit against Universal–Rundle alleging discrimination on the basis of race and disability because Universal–Rundle failed to transfer her to a clerical position which became available in July 1993. During discovery, plaintiff learned that two other clerical positions had subsequently become available in May 1994, and incorporated defendant's failure to transfer her to these positions into her arguments, although she never amended her complaint. This Court granted summary judgment in favor of Universal–Rundle on all claims asserted by plaintiff. *Pleming v. Universal–Rundle Corp.*, 1:94–cv–2004–RLV (N.D.Ga. November 22, 1995), *aff'd*, 100 F.3d 971 (11th Cir.1996) ("Pleming I").

In February 1996, Pleming filed this action alleging race discrimination and retaliation on the grounds that Universal–Rundle failed to transfer her to one of the two clerical positions which became available in May 1994. This Court dismissed the suit based on *res judicata* and collateral estoppel grounds. The Eleventh Circuit reversed and remanded. *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354 (11th Cir.1998) ("Pleming II"). This action is presently before the Court on defendant's motion for summary judgment.

### Factual Background

Plaintiff argues that defendant did not select her for a clerical position in May 1994 because of her race, in violation of 42 U.S.C. § 1981. She also contends that the failure to hire her for that position was unlawful retaliation.

According to plaintiff, she informed the personnel director of Universal–Rundle, Victor Holden, in July 1993 when the first clerical position became available, that she would be interested in moving into that position. When she applied, Holden notified her that she would not be considered for the position even though she had clerical experience because it would be a forty percent pay cut for plaintiff, and the company tried not to move bargaining unit employees into the lower-paying clerical area because of concerns about employee

---

1. Also before the Court is plaintiff's motion to strike defendant's "Exhibit 1" to its reply brief. Exhibits submitted in support of a motion are not subject to a motion to strike. *See Pinkerton & Laws Co., Inc. v. Roadway Express, Inc.*, 650 F.Supp. 1138, 1141 (N.D.Ga. 1986); Fed.R.Civ.P. 12(f). The Court has considered plaintiff's objections in ruling on the motion for summary judgment. Therefore, the Court denies plaintiff's motion to strike and denies as moot plaintiff's motion for leave to file a reply to defendant's opposition to plaintiff's motion to strike.

satisfaction and retention. This incident formed the basis for Pleming I.

Plaintiff contends that she conveyed to defendant at that time and on an ongoing basis, as she negotiated her worker's compensation claim and Pleming I, that she would be interested in any clerical jobs that became available. In particular, she contends that she requested a clerical position in February 1994, as a condition of settling her EEOC claim. Defendant denies that she communicated this interest, and also notes that her ongoing interest would not change the fact that such a transfer would still be in violation of two company policies-the policy precluding transfer to a lower paying job and the policy that workers out on worker's compensation can only return to their former position when they recover from their injury.

According to defendant, two different clerical positions were posted on May 20, 1994, and May 31, 1994, respectively. Three Universal–Rundle employees applied for the positions, but none was selected. One applicant was denied specifically because of the policy against transferring employees to lower paying positions.

Plaintiff did not apply for the positions. Soon thereafter, defendant utilized a temporary agency, as it customarily does with clerical staff, and filled the positions with two temporary employees. The temporary employees, who were white females, became permanent Universal–Rundle employees in October 1994.

Plaintiff denies that the positions were posted, because she visited defendant's office on May 24, 1994, on an unrelated matter and did not see any postings. Her observation is consistent with defendant's evidence, however, because the posting on May 20 stated that it would expire on May 24 at noon, while the posting on May 31 would have occurred after she visited the offices.

Plaintiff also contends that in September 1994, she contacted Victor Holden to discuss returning as a clerical employee. Plaintiff claims that he informed her that he could not discuss the position with her because of her lawsuit. According to plaintiff, she applied by letting Holden know at that time and on several other occasions that she was interested in any clerical position which became available. She concedes that she never filled out an application for either of the clerical positions which opened in May 1994. She also concedes that, under company policy, her application for the July 1993 position would not carry forward to the May 1994 positions.

*Summary Judgment Standard*

Summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party will prevail on a motion for summary judgment if it shows that "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court, however, must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. *White v. Mercury Marine,* 129 F.3d 1428, 1430 (11th Cir.1997). Nevertheless, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To obtain summary judgment in an employment discrimination and retaliation case, defendant may challenge whether plaintiff has made out a prima facie case. If plaintiff has not, summary judgment is proper. If plaintiff does present evidence establishing a prima facie case, then defendant must articulate a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action. At that point, the burden shifts to plaintiff to in-

troduce evidence showing that the stated reason is pretextual. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 920 (11th Cir.1993).

*Discussion*

### A. Plaintiff's Claim of Race Discrimination under 42 U.S.C. § 1981

■ Plaintiff's first claim, under 42 U.S.C. § 1981, is that defendant discriminated against her on the basis of race by denying her a transfer to one of the two clerical positions which became available and were filled with temporary employees in May 1994. "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Ferrill v. The Parker Group*, 168 F.3d 468, 472 (11th Cir.1999). Courts analyze Section 1981 employment claims under the same standards applied in Title VII cases. *Turnes v. AmSouth Bank*, 36 F.3d 1057, 1060 (11th Cir.1994).

■ Since plaintiff's evidence of discrimination is circumstantial, not direct, the Court utilizes the approach set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To make out a prima facie case of discrimination under Section 1981, plaintiff must show that she is a member of a protected class, "that she applied for and was qualified for an available position, that she was rejected, and that after she was rejected [defendant] either continued to seek applicants for the position, or, as is alleged here, filled the position with a white employee." *Patterson v. McLean Credit Union*, 491 U.S. 164, 186, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). At the prima facie case stage, plaintiff need not address her qualifications relative to other applicants; she need only show she was qualified for the position. *Walker v. Mortham*, 158 F.3d 1177, 1192 (11th Cir.1998).

The undisputed facts establish the first and fourth elements. Plaintiff belongs to a racial minority. Plaintiff did not obtain employment in either of the clerical positions that were available in May 1994. The record also indicates that plaintiff had experience doing clerical work in the Army, and there is no evidence that she was not qualified for such a position.

■ The parties disagree, however, on whether plaintiff applied for the positions and was rejected. Even viewing the facts in the light most favorable to the plaintiff, the Court concludes that plaintiff has not established this element of a prima facie case. It is undisputed that plaintiff never formally applied for the two positions. Her only evidence that she tried to apply for these positions is her conversation with Holden in September 1994, at which point they had already been filled.

The fact that she had previously sought a clerical position did not impose a duty upon defendant to invite her to apply or to consider her absent an application, as plaintiff apparently contends. Furthermore, defendant did not reject plaintiff for the positions, because it never considered her.

■ Even if the Court were to conclude that plaintiff had established a prima facie case, defendant would still be entitled to summary judgment on this claim because plaintiff cannot overcome defendant's articulated legitimate nondiscriminatory reason for not offering her one of the clerical positions. Universal–Rundle repeatedly informed plaintiff, on every occasion when she inquired about clerical positions, that it had a policy against transferring employees to lower paying jobs. Under this company policy, the clerical job Pleming sought would not have been available to her even if she had applied, because it paid less than her job as a laborer. Plaintiff has presented no evidence that this legitimate nondiscriminatory reason was pretextual or that it was applied to her in a discriminatory fashion. The policy itself is neutral on its face. Therefore, the Court concludes that summary judgment is proper on plaintiff's claim under 42 U.S.C. § 1981.

### B. *Plaintiff's Claim for Retaliation*

Plaintiff asserts that defendant unlawfully retaliated against her when it failed to place her in one of the two clerical positions that became available in May 1994. Plaintiff argues that she has direct evidence of retaliation because when she contacted Victor Holden in September 1994, he allegedly informed her that he could not talk to her or offer her a position because of the Pleming I lawsuit, which she had filed in August 1994.

The positions about which plaintiff complains, however, were filled in May 1994, three months before she filed suit and four months before her alleged conversation with Holden. Plaintiff points to no evidence that Universal–Rundle acted with a retaliatory motive in May 1994, when it filled the two clerical positions. Even if plaintiff had established a prima facie case of retaliation, as discussed above in connection with her race claim, she has failed to rebut defendant's articulated legitimate non-retaliatory reason for not offering her a clerical position, i.e., its policy against transferring employees to lower paying jobs. The Court concludes that Universal–Rundle is entitled to summary judgment on plaintiff's retaliation claim.

*Summary*

The Court GRANTS defendant's motion for summary judgment [# 56–1]; DENIES plaintiff's motion to strike defendant's exhibit 1 [# 63–1]; and DENIES AS MOOT plaintiff's motion for leave to file a reply to defendant's opposition to plaintiff's motion to strike [# 68–1].

IT IS SO ORDERED.