[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13818

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-03587-RLV

GLORIA ABRAM,

Plaintiff-Appellant,

versus

FULTON COUNTY GOVERNMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2012)

Before EDMONDSON and ANDERSON, Circuit Judges, and EDENFIELD,[*]
District Judge.

PER CURIAM:

---

   [*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of
Georgia, sitting by designation.

Plaintiff appeals from the District Court's dismissal of Plaintiff's complaint against her former employer, Defendant Fulton County, Georgia ("the County"). Plaintiff contends the District Court erred in concluding that res judicata barred her claim. We vacate the dismissal.


Background


Plaintiff filed a pro se complaint against Defendant on 17 December 2009 ("Complaint I"). Complaint I alleged race- and disability-based discrimination and retaliation. On 21 December 2009, Plaintiff's counsel filed a second complaint ("Complaint II") in a different case against Defendant, alleging disability-based discrimination.[1] The District Court's dismissal of Complaint II is the case presently before us.

Defendant moved to dismiss Complaint I on several different grounds, including lack of personal jurisdiction (FRCP 12(b)(2)), insufficiency of process (FRCP 12(b)(4)), insufficient service of process (FRCP 12(b)(5)),[2] and failure to

---

[1]Later, the District Court -- in the second case -- granted counsel's motion to withdraw as Plaintiff's lawyer.

[2]For clarity, we note that although Rule 12(b)(4) and (5) specifically speak of "process," the parties' briefing to this Court and pleadings filed in the District Court tend to link Rule 12(b)(4) and (5) with "personal jurisdiction" (Rule 12(b)(2)).

state a claim (FRCP 12(b)(6)). In a "show-cause" order, the magistrate judge directed Plaintiff to respond and warned that the magistrate would recommend that the District Court dismiss Complaint I if Plaintiff failed to respond. Plaintiff never responded to Defendant's motion to dismiss.

The magistrate judge prepared a Report and Recommendation ("R&R") recommending that the District Court grant Defendant's motion to dismiss Complaint I. In the R&R, the magistrate judge explained that he had warned Plaintiff that failure to respond as ordered would result in a dismissal recommendation. The magistrate judge cited Northern District of Georgia Local Rule 41.3(A)(2), which provides that the court may dismiss a case for "want of prosecution" if a plaintiff fails to obey an order of the court.[3] The magistrate judge also cited FRCP 41(b), which deals with involuntary dismissal.[4] Then, the R&R explained that, under Local Rule 7.1(B), a motion to which no response has been filed should be treated as unopposed.[5] The magistrate judge reported that

---

[3]"The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . (2) A plaintiff or plaintiffs attorney shall, after notice, fail or refuse . . . to obey a lawful order of the court in the case." N.D. Ga. Civ. L.R. 41.3(A)(2).

[4]Rule 41(b) provides in pertinent part these things: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

[5]"Any party opposing a motion shall serve the party's response . . . Failure to file a response shall indicate that there is no opposition to the motion." N.D. Ga. Civ. L.R. 7.1(B).

Defendant's motion to dismiss Complaint I was unopposed and recommended that the District Court grant the motion to dismiss.

The District Court (Judge Julie Carnes) adopted the R&R, deemed the motion to dismiss as unopposed, and granted the motion to dismiss. The R&R and Judge Carnes's dismissal order discussed in no way the merits (if any) of Plaintiff's claims. And Judge Carnes's order did not indicate whether Complaint I was dismissed with prejudice or without prejudice.

Later, the County moved to dismiss Complaint II. The County argued that Judge Carnes's dismissal of Complaint I operated as a final judgment on the merits of Plaintiff's first suit and that res judicata barred Plaintiff's second suit. Plaintiff, proceeding pro se, contended that Complaint II stated a claim for relief and that res judicata did not bar Plaintiff's action.

The District Court (Judge Robert Vining) concluded that Judge Carnes's dismissal of Complaint I operated as an adjudication on the merits. Judge Vining also concluded that the dismissal of Complaint I was a final judgment for res judicata purposes. Finding all of the elements of res judicata to be present, Judge Vining dismissed Complaint II. Plaintiff appeals.

Discussion

We review <u>de novo</u> a district court's decision to grant a motion to dismiss. We also assume that the allegations in the complaint are true and view the facts in the light most favorable to the plaintiff. <u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354, 1356 (11th Cir. 1998). The application of <u>res judicata</u> presents a question of law that we review <u>de novo</u>. <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1295 (11th Cir. 2001).

Claim preclusion under <u>res judicata</u> requires the satisfaction of four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." <u>Id.</u> at 1296. This appeal presents a question only about part (2): whether the District Court per Judge Carnes made "a final judgment on the merits."

We conclude that the District Court made no final judgment on the merits in the first action.

5

A dismissal for failure to prosecute or failure to comply with a court order would constitute an "adjudication on the merits" under Rule 41(b). But viewing the facts in the light most favorable to Plaintiff, it does not appear that Complaint I's dismissal was a sanction for want of prosecution or for failure to comply with a court order.

First, the magistrate judge's show-cause order never cited Rule 41(b) or Local Rule 41.3(A)(2); such citations might have drawn the attention of a pro se litigant. Instead, the show-cause order referenced Local Rule 7.1(B), which just states that a failure to respond to a motion indicates a lack of opposition. Second, although the magistrate judge's R&R cited Rule 41(b) and Local Rule 41.3(A)(2), the R&R did not explicitly recommend dismissal on the basis of those rules: the R&R also cited to Local Rule 7.1(B) and recommended that Defendant's motion be granted. Third, the order by Judge Carnes stated only that the District Court "deemed unopposed" the County's motion to dismiss and that the District Court adopted the magistrate's R&R "GRANTING as unopposed defendant's Motion to Dismiss." Judge Carnes's order made no reference to Rule 41(b) or Local Rule 41.3(A)(2).[6]

---

[6]Judge Carnes's order also said nothing about whether Complaint I was dismissed with prejudice or without prejudice.

We conclude that, viewing the facts in the light most favorable to Plaintiff, the District Court dismissed Complaint I -- the first case -- on grounds stated in the County's (unopposed) Rule 12(b) motion to dismiss and not as a sanction for failure to prosecute or failure to comply. So, we must look to the grounds asserted in the County's motion to dismiss.

The County's Rule 12(b) motion to dismiss Complaint I stated several alternative grounds. But the grounds of insufficient process (Rule 12(b)(4)) and insufficient service of process (Rule 12(b)(5)) seem to us to be the grounds for dismissal chiefly asserted in the County's motion to dismiss. Dismissal under Rule 12(b)(4) or Rule 12(b)(5) does not constitute a judgment on the merits. Cf. Bryant v. Rich, 530 F.3d 1368, 1376 & n.12 (11th Cir. 2008) (noting -- at the 12(b) stage but in a different factual context -- that service of process and jurisdiction, along with exhaustion and venue, can be treated as "matter[s] in abatement and not an adjudication on the merits[.]").[7]

Because we must view the facts in the light most favorable to Plaintiff, we conclude that the dismissal of Complaint I was based on the "plea-of-abatement" grounds asserted in the County's motion to dismiss. When a motion to dismiss

---

[7]Dismissal pursuant to Rule 12(b)(6) for failure to state a claim would, by contrast, constitute a judgment on the merits. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 101 S. Ct. 2424, 2428 n.3 (1981).

asserts alternative grounds -- some on the merits but others on matters of abatement -- for dismissal of a pro se litigant's complaint and where the District Court's dismissal order does not indicate the ground for its grant of the motion or even whether the dismissal is with or without prejudice, we will understand and treat the dismissal as not touching on the merits.  So, we conclude that the District Court dismissed Complaint I for jurisdictional reasons related to process or service of process.  The District Court therefore made no final judgment on the merits; the second part of the res judicata test remains unsatisfied.  Plaintiff's claims remained open to be brought again in a later action.  So, the District Court erred in dismissing Complaint II -- the second case -- on res judicata grounds.

VACATED and REMANDED.