[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15000
_____

D.C. Docket No. 2:12-cv-00608-IPJ


ADRIENNE L. CURRY,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 21, 2013)

Before HULL and PRYOR, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

Plaintiff-Appellant Adrienne Curry appeals the district court's grant of Defendant-Appellee United States Department of Veterans Affairs's ("VA") motion to dismiss her claims of disability discrimination and retaliation. After review and oral argument, we reverse.

## I.  FACTS AND PROCEDURAL HISTORY

We previously recounted the factual and administrative history of Curry's related case in our opinion in Curry v. Secretary, Department of Veterans Affairs ("Curry I"), No. 11-14599, which adjudicated claims from Curry's 2008 Equal Employment Opportunity ("EEO") complaint and her 2009 civil lawsuit. We discuss here only a few portions of that history that are pertinent to the appeal in this case, Curry v. Secretary, Department of Veterans Affairs ("Curry II"), No. 12-15000, which addresses claims from Curry's 2010 EEO complaint and her 2012 civil lawsuit.

In her Curry II complaint, Curry alleged that, during 2009, she twice applied with the VA for registered nurse positions. Nevertheless, on July 17, 2009, the VA informed the Office of Workers' Compensation Programs ("OWCP"), from whom Curry had been receiving federal workers' compensation benefits since 1997, that

---

*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

2

it could not offer Curry a position.  On September 22, 2009, the OWCP informed

Curry that the VA did not have any part-time nurse positions available.

On January 8, 2010, Curry filed a formal complaint of disability

discrimination with the VA's Equal Employment Opportunity ("EEO") office.[1]

Curry alleged that the VA's refusal, during 2009, to offer her a nurse position

constituted disability discrimination.  On October 12, 2010, the VA hired Curry as

a nursing assistant escort.

On February 21, 2012, Curry filed her complaint in this case, Curry II.  She

brought claims under the Rehabilitation Act and the Americans With Disabilities

Act ("ADA"), and each claim alleged that the VA committed unlawful disability

discrimination by failing to offer her a position during 2009.  Count one of her

complaint was a disability discrimination claim based on the failure of the VA to

rehire her after she applied for nurse positions on May 26, 2009 and July 9, 2009

and continued to seek employment with the VA after September 2009.  Count two

was a disability discrimination claim based on the VA's failure to provide Curry

with "part time employment gradually increased to full time employment" in a

registered nurse position.  Curry alleged that "[f]rom September 2009 to present

[she] continued to seek employment with the [VA] as a registered nurse or similar

---

[1]Curry alleged that she filed this formal EEO complaint with the Equal Employment Opportunity Commission ("EEOC").  However, the pertinent regulations required her to file her complaint with the VA, not the EEOC.  See 29 C.F.R. § 1614.106(a).  Thus, we infer that Curry actually filed her January 8, 2010 EEO complaint with the VA.

position and has been refused." Count three was a retaliation claim and alleged that the VA failed to hire Curry on May 26, 2009 because she had complained of discrimination on September 18, 2008 and December 5, 2008. Count four was also a retaliation claim and alleged that the VA refused to accommodate Curry's disability also in retaliation for her September 18, 2008 and December 5, 2008 disability discrimination complaints.

On May 23, 2010, the VA moved to dismiss the complaint, or in the alternative, for summary judgment. At that time, the VA submitted evidentiary materials. In its supporting memorandum, the VA did not address the merits of Curry's claims. Rather, it argued that Curry's claims were: (1) untimely; and (2) barred by the doctrine of res judicata. In response, Curry also submitted evidentiary materials. When it ruled on the VA's motion, the district court quoted the summary judgment standard, but the district court stated that it would "treat [the VA's] motion as one to dismiss based on the ground of res judicata, and [would] conduct its analysis accordingly."

The district court granted the VA's motion to dismiss on July 24, 2012. It held that res judicata barred Curry's claims in Curry II. It did not consider the statute of limitations issue. Curry timely appealed.

"We . . . review de novo a dismissal order based on res judicata." Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1301 (11th Cir. 2010). The VA

does not raise the timeliness issue before this Court. Therefore, we do not address it.

## II. DISCUSSION

### A.    Res Judicata Principles

Res judicata ensures that "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). This Court has identified four initial elements that a party seeking to invoke res judicata must establish: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Id. We also must determine "whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." Id.

The parties do not dispute that the first three elements are present. At issue is whether Curry's February 21, 2010 civil complaint in Curry II raises the same causes of action as those already asserted in her December 2, 2009 civil complaint in Curry I.

### B.    The Two Complaints

5

As we explained in Curry I, Curry's 2009 complaint contained claims based on actions occurring between 2004 and 2008. Specifically, in that complaint, Curry alleged that the VA discriminated against her by failing to restore her or hire her as a nurse between 2004 and 2008. Curry's complaint in this case alleges that the VA discriminated against her and retaliated against her when it failed to hire her as a nurse after she applied for nurse positions on May 26, 2009 and July 9, 2009. Although the alleged 2009 events may be similar to those alleged to have occurred between 2004 and 2008, the parties in Curry I litigated that case as though it was limited to the time period between 2004 and 2008 and did not involve her 2009 job seeking.

More importantly, in granting the VA's motion based on res judicata here, this district court relied on footnote 11 in another district court judge's prior summary judgment order in Curry I. The district court here pointed out that footnote 11 in Curry I had expressly addressed both the claims in Curry's 2008 EEO complaint and those in her 2010 EEO complaint, stating:

> As the applicable precedent permits, Judge Kallon's opinion considers not only the allegations of plaintiff's December 5, 2008, EEO complaint but also those of her January 8, 2010, EEO complaint because the facts alleged in the latter complaint arose out of the same nucleus of operative fact as those alleged in the former complaint. Those facts, and the related EEO complaints, form the entire factual foundation of the present suit. Thus, pending before the court today is a matter in which this same United States District Court, a court of competent jurisdiction, rendered a final judgment on the merits in a case between identical parties involving the same cause of action

raised today.  As previously noted, res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.  The claims alleged today are so barred.

However, in Curry I, this Court vacated footnote 11 as erroneous.  As explained in Curry I, Curry's first lawsuit was limited to claims based on pre-December 5, 2008 actions and her 2008 EEO complaint.  The district court in Curry I erred by adjudicating in footnote 11 the merits of claims based on post-December 5, 2008 actions and her 2010 EEO complaint.  Accordingly, the other district court judge's August 31, 2011 summary judgment order in Curry I does not now provide a basis for the district court's July 24, 2012 ruling in Curry II.

Additionally, the claims that Curry brings here are not claims that she "could have . . . brought" in her earlier, 2009 civil complaint.  See Piper, 244 F.3d at 1298. We have previously explained that "claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action."  Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998) (additional internal quotation marks omitted).

Curry did not actually assert claims based on 2009 conduct in her 2009 civil complaint in Curry I.  Moreover, those claims did not exist when she filed that complaint in Curry I.  This is because, when Curry filed that complaint, she had not yet exhausted her administrative remedies as to the claims at issue in this Curry

7

II case.  At the earliest, Curry did not exhaust her claims until March 4, 2011, when the VA issued its final agency decision on Curry's January 8, 2010 EEO complaint.[2]  Because the claims asserted in this Curry II case were not exhausted when Curry filed her 2009 civil complaint, they did not exist at that time.  Accordingly, the claims in Curry II here are not claims that could have been brought in the earlier action.

In sum, the district court erred by concluding that Curry's 2012 complaint in this case was barred by res judicata.  Accordingly, we vacate the district court's July 24, 2012 dismissal order and remand for further proceedings.  In doing so, we offer no opinion as to any other issue and leave it to the district court to assess in the first instance all other possible defenses and the merits of Curry's claims.

**VACATED AND REMANDED.**

---

[2]The VA points out that Curry could have filed suit 180 days after she filed her January 8, 2010 EEO complaint because the VA did not issue a final agency decision within that period.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(b).  However, this date was July 7, 2010, which was still after Curry filed her December 2, 2009 civil complaint.