### In re Lawrence H. EDGER, Debtor.

Bankruptcy No. 97–20803–8P3.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 1, 1998.

Company & Industrial Valley Title Insurance Company.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

### ORDER ON

**(1) CREDITOR'S MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S AMENDED OBJECTIONS TO CLAIMS (Doc. No. 41);**

**(2) DEBTOR'S CROSS–MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S AMENDED OBJECTIONS TO CLAIMS (Doc. No. 50);**

**AND (3) DEBTOR'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE PRECLUSIVE EFFECT OF THE STATE COURT'S PARTIAL SUMMARY JUDGMENT (Doc. No. 51)**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case commenced by Lawrence H. Edger (Debtor) who filed his Petition for Relief on December 17, 1997. Technically the matter under consideration is an Objection and an Amended Objection to Claim # 4 filed by Industrial Valley Title Insurance Company (Industrial Valley) in the amount of $69,005.52 and to Claim # 5 filed by Commonwealth Land Title Insurance (Commonwealth) in the amount of $632,-950.65. While the claims are facially defective in that they do not have sufficient documentation, the real and ultimate issue is whether or not this Debtor is liable to these creditors at all let alone in the amount stated in their respective proof of claims. This is so because if the Debtor is found liable, it is conceded that the amount of unsecured debt owed by the Debtor to the Industrial Valley and Commonwealth exceeds the statutory cap of $250,000 which is the limit placed by Congress for eligibility under Chapter 13.

The Objections filed are of course treated as contested matters and are governed by F.R.B.P. 9014 which automatically makes F.R.B.P. 7056, the motion for summary judgment rule, applicable. On September 9, 1998, Commonwealth and Industrial Valley did file their respective Motions for Sum-

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtor.

M. Bradley Luczak/Sally R. Murray, Sobering, White & Luczak, P.A., Orlando, FL, for Commonwealth Land Title Insurance

mary Judgment. On October 6, 1998, the Debtor filed his Cross–Motion for Summary Judgment. On October 21, 1998, the parties filed additional Motions for Summary Judgment on the limited issue of whether or not a Partial Summary Judgment entered in the Circuit Court has a preclusive effect which would prohibit any further litigation of the issue of the Debtor's liability.

Both sides submitted extensive briefs and presented argument and it is clear from the submissions that there are no genuine issues of material fact limited to the issue of liability. These facts are as follows:

At the relevant time, the Debtor was the principal and sole officer and stockholder of American Realty Title Agency of Florida, Inc. (ARTA). ARTA was a licensed title insurance agent and had an ongoing relationship with both Commonwealth and Industrial Valley who were the issuers of title insurance policies sold by ARTA. Under the written agency agreement, ARTA, through the Debtor, was authorized to sell and issue title insurance policies and was authorized to collect the premiums but was required to remit the premiums collected to Commonwealth and Industrial Valley, respectively, less the commissions at the rate fixed by the agency contract.

As a result of the alleged failure of ARTA to remit insurance premiums, Commonwealth and Industrial Valley filed a suit against ARTA and the Debtor in the Circuit Court of the Sixth Judicial Circuit, and for Pinellas County, Florida. On June 17, 1997, the Circuit Court granted a Motion for Partial Summary Judgment filed by Industrial Valley and Commonwealth. Partial Summary Judgment ruled in favor of Industrial Valley and Commonwealth on the issue of the liability for misappropriated 1995 premiums based on the findings of breach of contract (Count I); against ARTA and the Debtor for conversion (Count II): against ARTA and the Debtor for breach of fiduciary duty (Count III): and against the Debtor and ARTA for violation of the Insurance Code (Count IV). The Partial Summary Judgment made no specific finding as to the amount of liability determined by the partial summary judgment.

Based on the foregoing undisputed facts, Commonwealth and Industrial Valley contend that the liability of the Debtor has been conclusively determined in the Circuit Court litigation and therefore the issue is no longer subject to litigation based on the doctrine of collateral estoppel. Although, as noted initially it was not raised, the real thrust of the attack by both Commonwealth and Industrial is based on the contention that the liability of the Debtor to Commonwealth and Industrial Valley is in excess of $250,000 and, therefore, this Debtor is not eligible for relief under Chapter 13 and his Chapter 13 case should be dismissed.

In opposition, the Debtor initially contended that the relationship between the parties was no longer the relationship of an insurer/agent but merely a debtor/creditor. Based on this proposition it was urged by the Debtor that the liability of the Debtor to Commonwealth and Industrial Valley is not based on the relationship of a fiduciary therefore the liability of the Debtor, if any, would be a dischargeable obligation. This proposition, of course, is clearly without significance in the context of a Chapter 13 case simply because the discharge entered in a Chapter 13 case pursuant to § 1328 discharges obligations which otherwise would not be dischargeable in a Chapter 7, specifically under § 523(a)(4).

The parties have devoted a great deal of time and effort to discuss issues which are not really relevant and controlling. The narrow issue is, is this Debtor indebted to Commonwealth and Industrial Valley at all. Whether the relationship between ARTA, the Debtor, Commonwealth, and Industrial Valley was a principal and agent or a creditor and debtor relationship is of no consequence.

This leads to the narrow issue presented by the Motions for Summary Judgments: whether the Partial Summary Judgment entered in favor of these Creditors by the Circuit Court should bar any further litigation of the issue of the Debtor's liability based on the doctrine of collateral estoppel even though the Circuit Court did not quantify and fixed the amount of the liability.

Turning to the threshold question of liability, vel non, it is well established that

a judgment entered by a court of competent jurisdiction based on the doctrine of collateral estoppel may have a preclusive effect prohibiting any further litigation of the issues decided. The test to determine the requirements to apply the doctrine has been stated by the Eleventh Circuit in the case of *In re St. Laurent, II,* 991 F.2d 672 (11th Cir.1993), in which the Eleventh Circuit Court of Appeals articulated the following four elements that must be satisfied in order for a prior judgment to have a preclusive effect in a bankruptcy proceeding under Florida law: (1) the issue at stake must be identical to the issue decided in prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *Id.* at 676, citing *In re Yanks,* 931 F.2d 42, 43 (11th Cir.1991).

Applying these legal principles to the undisputed facts, this Court is satisfied that, even though the judgment is titled "Partial" Summary Judgment, it does operate as a final determination of the Debtor's liability to Commonwealth and Industrial Valley. Therefore, based on the doctrine of collateral estoppel, the Debtor can no longer litigate the issue of liability. This conclusion leads in turn to the initial issue raised by the objection to claim under consideration as to the amount which could be allowed and, of course, in turn whether or not this Debtor is or is not eligible for relief under Chapter 13 of the Bankruptcy Code. It is suggested by counsel for the Debtor that this Court should lift the automatic stay and direct the parties to litigate the matter in the state court. This Court is constrained to reject this suggestion simply because it would cause an intolerable and undue delay on the progress of this Chapter 13 case detrimental to the creditors of the estate.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that Motion for Summary Judgment filed by Commonwealth and Industrial Valley be, and the same is hereby, granted. Law-rence H. Edger is liable to Commonwealth and Industrial Valley in an amount to be determined by this Court at a final evidentiary hearing unless the parties stipulate that the amount of combined debt owed by the Debtor to Commonwealth and Industrial Valley is in excess of the statutory cap of $250,-000.00. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Cross–Motion for Summary Judgment on Debtor's Amended Objections to Claims is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment on the Issue Preclusive Effect of the State Court's Partial Summary Judgment is hereby denied.

DONE AND ORDERED.