Alfred DANA, III, Plaintiff,

v.

E.S. ORIGINALS, INC., A New York corporation; K–Mart Corporation, a Michigan corporation; Dayton–Hudson Corporation, Minnesota corporation; Wal–Mart Stores, Inc., a Delaware corporation; Montgomery Ward & Co., Inc., an Illinois corporation; the Kobacker Co., Inc., an Ohio corporation; Conway Stores, Inc., a New York corporation; Fabco Enterprises, Inc., a New York corporation; the Caldor Corporation, a Delaware corporation; and Kany Trading, Inc., a California corporation, Defendants.

No. 96–6688–CIV–FERGUSON.

United States District Court,
S.D. Florida.

June 28, 2002.

J. Jay Simons, Ft. Lauderdale, FL, for plaintiff.

Martin W. Schiffmiller, Lisa A. Pieroni, Kirschstein, Ottinger, Israel & Schiffmiller, P.C., New York City, Lee Weintraub, Weintraub & Rosen, P.A., Miami, FL, for defendants.

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

FERGUSON, District Judge.

The cause is before the Court on the Plaintiff's Motion for Summary Judgment as to Liability [D.E.146] wherein he seeks to apply collateral estoppel offensively to preclude defenses raised to a claim of patent infringement. This order addresses only the procedural questions raised by the motion.

### I. *Background Facts*

**A. *The Patent***

Between 1979 and 1993 Alfred Dana, III ("Dana") was the inventor-owner of U.S. patent No. 4,158,922 ("Dana '922 Patent"). The patent abstract describes it as:

A lighted shoe having a solid state oscillator circuit for causing periodic flashing on and off of a light associated with the shoe. A tilt switch may also be associated with the light or lights, and a three-position manual switch provided having one position wherein the light flashes periodically on and off, another position wherein the light is off, and yet another position wherein the tilt switch is inserted in the circuit with the light. The sole and heel may be formed of an integral piece of transparent rigid material, and an e.m.f. [electromagnetic energy] source, the circuit, the switch, and the light mounted on and in the integral piece. An AC adaptor is provided having two recharging plugs so that both shoes can be recharged at one time. U.S. Patent No. 4,158,922 (issued June 26, 1979). A description included with the detailed drawings states that "it will be readily apparent that any style of shoe, both men's and women's, may be provided within the scope of the invention." *Id.*

Dana assigned "the entire right, title and interest" in the Dana '922 Patent to L.A. Gear on August 11, 1993. The assignment did not include the right to sue for past infringement. In this action Dana sues E.S. Originals, Inc. ("E.S.O."), a corporation engaged in the development and marketing of footwear, along with its customers, for infringement prior to the assignment.[1]

**B. *The Prior Lawsuit***

On September 2, 1993, L.A. Gear, as assignee, filed suit in the U.S. District Court for the Central District of California against E.S.O. and all the defendants named in the present case [2] seeking injunctive relief and damages for infringement of its newly acquired Dana '922 Patent. In the complaint L.A. Gear sought the following relief: (1) that it be adjudged to be the owner of U.S. Patent No. 4,158,922 and all rights of recovery thereunder; (2) that U.S. Patent No. 4,158,922 be adjudged good and valid at law and infringed by the Defendants; and (3) that the defendants be preliminarily and permanently enjoined from utilizing the inventions of the Dana '922 Patent. For an Answer the Defendant denied that the shoes were infringing. As an Affirmative Defense the Defendant alleged that U.S. Patent No. 4,

---

1. All defendants are collectively referred to herein as E.S. Originals, Inc. ("ESO").

2. The defendant Kobacker Company, Inc. was not a defendant in the California suit, but was a defendant in a companion case filed by L.A. Gear in the same court. Defendant K–Mart Corporation was named in the original complaint but was not named as a party in the final judgment.

158,922 "is invalid and void for the reason that the differences, if any, between the prior art and the subject matter asserted to be patented are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art to which the said subject matter pertains." For a Counterclaim the Defendants sought a declaratory judgment that U.S. Patent No. 4,158,922 is invalid and not infringed by Defendants.

### C. *Judicial Determinations Made by the California Court*

In 1995, the California District Court granted L.A. Gear's motions for partial summary judgment finding the Dana '922 Patent valid, enforceable and infringed by the defendants. On April 19, 1995, the California District Court approved a consent decree which settled the litigation. Included in the decree was an agreement by the parties that E.S.O. and the other defendants denied infringement and the validity of the Dana '922 Patent and expressed their intent that all rulings, judgments and orders in the California action were to have collateral estoppel and *res judicata* effect only between L.A. Gear and the defendants involved in the suit and the companion case but no effect with respect to anyone not a party to the suit.

After affording the parties ample opportunity to present their case on the facts and law, the California court determined as follows:

1. *Order Denying Defendant E.S. Originals, Inc.'s Motion for Summary Judgment of Non–Infringement*

In an order entered January 23, 1995, denying the Defendant E.S. Originals Inc.'s Motion for Summary Judgment of Non–Infringement, the California court wrote in the opening paragraph:

The evidence presented having been fully considered, the issues having been duly heard, and a decision having been duly rendered, IT IS HEREBY ORDERED, ADJUDGED, AND DE-CREED that ESO's Motion is DE-NIED, with the Court setting forth below its Findings of Fact and Conclusions of Law relative thereto.

On page three of the order the court makes a finding that

application of the doctrine of equivalents demonstrates that E.S.O.'s shoe does infringe LAG's [L.A.Gear's] '922 Patent, even if the Court applies a narrow scope of protection under the doctrine of equivalents. The accused device "performs substantially the same function in substantially the same way to obtain substantially the same result."

The court concluded, "[t]he difference between the two shoes is not significant enough for ESO to avoid liability under the doctrine of equivalents."

2. *Order Granting Plaintiff's Motion For Summary Judgment On Patent Validity and Enforceability of U.S. Patent No. 4,158,922*

The order entered by the California court on January 23, 1995, granting L.A. Gear's Motion for Summary Judgment of Patent Validity and Enforceability states in the opening paragraph,

[t]he evidenced presented having been fully considered, the issues having been duly heard, and a decision having been duly rendered, IT IS HEREBY OR-DERED, ADJUDGED, AND DE-CREED that LAG's [L.A. Gear's] Motion For Summary Judgment of validity and enforceability of the '922 Patent is GRANTED, with the Court setting forth below its Findings of Fact and Conclusions of Law relative thereto.

First, agreeing with the Patent and Trademark Office, which dismissed the defendant's attack on the patent as obvious based on prior art, the court based its decision finally on its "independent review and examination of all the prior art and teachings" in reaching its conclusion that the use of a solid state oscillator in the invention was not obvious at the time the patent-in-suit was issued.

3. *Order Granting Plaintiff's Motion For Summary Judgment Of Direct Patent Infringement Against Defendants E.S. Originals, Inc., Dayton Hudson Corp., Walmart Stores, Inc., and Montgomery Ward & Co., Inc.*

In an order entered on February 27, 1995 granting L.A. Gear's motion for summary judgment of direct infringement the court wrote, again:

> The evidence presented having been fully considered, the issues having been duly heard, there being no genuine issues of material fact, and a decision having been duly rendered, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:
>
> \* \* \* \* \* \*
>
> Defendant ES Originals, Inc. ("ESO") is hereby adjudged to have committed direct patent infringement under 35 U.S.C. § 271(a) by virtue of its sales of the accused ESO shoes in the United States.
>
> \* \* \* \* \* \*
>
> Here, application of the doctrine of equivalents demonstrates that each element, or its substantial equivalent, of the Dana Patent is present in the accused device.

4. *Settlement Agreement*

Two months after the Court had entered its last findings of fact and conclusions of law in orders granting the Plaintiff's motion for summary judgment and denying the Defendant's motion for a declaratory judgment of non-infringement, the parties entered into a settlement agreement. By its terms the parties consented to the entry of a permanent injunction and waived the right to appeal the rulings made in the orders. In a provision that presents a separate issue the parties agreed among themselves that it is their intent that the court's orders shall have no collateral estoppel or *res judicata* effect with respect to persons or entities who were not parties to the action. Significantly, the agreement declares that "[t]he Court takes no position with respect to this intent."

**II. *Standard for Summary Judgment***

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Similarly, a fact is "material" if it might affect the outcome of the suit under the governing substantive law. *Id.* at 247, 106 S.Ct. 2505.

In considering this motion for summary judgment, the Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the defendant should prevail as a matter of law." *Id.* at 243, 106 S.Ct. 2505. The movant bears the initial burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d

265 (1986). In deciding whether the movant has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-movant. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1532 (11th Cir. 1992). "If reasonable minds could differ on the inferences arising from undisputed facts, summary judgment should be denied." *Id.* at 1534.

Once the initial burden is met, the non-movant must come forward with specific facts showing that there is a genuine issue for trial that precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial. *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991). Likewise, "a mere scintilla of evidence supporting a position will not suffice; there must be enough of a showing that the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Failure to make a showing sufficient to establish the existence of any essential element of a claim is fatal and requires the entry of summary judgment. *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548.

## III. *Issues*

The main issue presented in this case is whether the findings and conclusions made by the California court in its orders granting summary judgment, although not reduced to a final summary judgment, were sufficiently adjudicative so as to be given preclusive effect and whether the facts militate against this Court applying offensive collateral estoppel in the exercise of its discretion. The defendants also contend that the settlement agreement reached by the parties in the California action bars the use of collateral estoppel in this litigation. E.S.O. claims that Dana, although aware of the California case, could have but did not intervene waiting instead to file his infringement suit more than fourteen (14) months after the California suit was settled. For that reason, the defendant contends, among other things, that Dana should not be allowed to assert collateral estoppel offensively to preclude its defenses.

## IV. *Discussion*

### A. *Offensive Collateral Estoppel—Generally*

█ *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) is still the leading authority on the use of collateral estoppel. In that case the Supreme Court held that the purpose of collateral estoppel generally is to protect parties from litigating an identical issue and to promote judicial economy. *Id.* at 326, 99 S.Ct. 645. The Court distinguished offensive and defensive collateral estoppel. It was critical of the offensive use of collateral estoppel noting that it "does not promote judicial economy in the same manner as defensive use does." *Id.* at 329, 99 S.Ct. 645. Specifically, the court observed that (1) "[s]ince a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a 'wait and see' attitude," (2) "[i]f a defendant in the first action is sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if future suits are not foreseeable," (3) "[a]llowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant," and (4) in some cases "the second action affords the defendant procedural opportunities unavailable in the first

action that could readily cause a different result." *Id.* at 330–31, 99 S.Ct. 645.

After observing the pitfalls in use of offensive collateral estoppel the Court noted that " 'the distinct trend if not the clear weight of recent authority is to the effect that there is no intrinsic difference between "offensive" as distinct from "defensive" issue preclusion, although a stronger showing that the prior opportunity to litigate was adequate may be required in the former situation than the latter.' " *Id.* at 331, 99 S.Ct. 645 (citation omitted). In the final part of the analysis the question is whether the defendant received a full and fair opportunity to litigate its claims. *Id.* at 332, 99 S.Ct. 645. The Court ultimately decided that the preferable approach for dealing with offensive use of collateral estoppel is to grant courts broad discretion to determine when it should be applied. *Id.* at 331, 99 S.Ct. 645.

### B. *Intent of the Parties*

 It is elementary that parties cannot by agreement between themselves bind a non-party. *Botz v. Helvering,* 134 F.2d 538, 545 (8th Cir.1943) (stating that "[a] consent judgment is binding only upon those parties consenting thereto."). In *Medtronic Ave Inc. v. Advanced Cardiovascular Sys., Inc.,* 247 F.3d 44 (3d Cir. 2001), the court held that the plaintiff in a lawsuit for patent infringement was not bound by the terms of two settlement agreements containing a release and a covenant not to sue entered into between the defendant and the plaintiff (Bard) in a prior lawsuit. *Id.* at 58. After defendant and Bard executed the agreements, Medtronic purchased Bard's business. The court held that Medtronic's claims were

not within the scope of the agreements because it sought to assert "separate interests that Bard never owned." *Id.* at 56. *Medtronic* is factually and legally analogous to this case. At the time of the settlement agreement between L.A. Gear and E.S.O., L.A. Gear did not own the claims now asserted by Dana, i.e., his right to sue for past infringement. The assignment of a patent does not transfer the right to sue for past infringement unless the assignment expressly manifests an intent to transfer that right. *Arachnid, Inc. v. Merit Indust., Inc.,* 939 F.2d 1574, 1579 n. 7 (Fed.Cir.1991); *Crown Die & Tool Co. v. Nye Tool & Mach. Works,* 261 U.S. 24, 39–44, 43 S.Ct. 254, 67 L.Ed. 516 (1923). Dana has a "distinctive cause of action no matter how closely it may be related to the claims of [L.A. Gear]." *Avondale Shipyards, Inc. v. Insured Lloyd's,* 786 F.2d 1265, 1272 (5th Cir.1986).

The authority cited by the defendant, *Citibank, N.A. v. Data Lease Financial Corp.,* 904 F.2d 1498 (11th Cir.1990), does not support a contrary proposition. In *Citibank,* the entity sought to be precluded from relitigating an issue, based on an expressed intent made in a stipulation and order of dismissal with prejudice, was a principal of the parties to the first action. In this case there is no such relationship between Dana, the plaintiff in this action, and L.A. Gear, the plaintiff in the California lawsuit.[3] Because the California court in approving the settlement expressly took no position on the parties's intent that nonparties be bound by the agreement, the defendants cannot say that the parties' expressed intent had judicial approval.

---

**3.** During the hearing, Defendant's counsel conceded:

> Mr. Schiffmiller: In this case, L.A. Gear and Dana had no community of interest. Dana assigned his patent to L.A. Gear out-

right ... [a]nd a decision on behalf of L.A. Gear has absolutely no reason to be applied on behalf of Dana other than the application of offensive collateral estoppel.

Tr. of Hr'g of Mot. for Summ. J. at 22:11–16.

## C. *Finality of the California Action*

The Defendants rely on *Avondale*, 786 F.2d 1265, in support of their argument that an interlocutory decision is not sufficiently final to grant it preclusive effect. In that case the Fifth Circuit Court of Appeals held that a partial summary judgment was not a final judgment for purposes of collateral estoppel. *Id.* at 1272. The court held:

This partial summary judgment order did not even determine Avondale's liability—there being no determination either of fault on its part or of causation— much less King's damages, and hence was interlocutory and not appealable.

\* \* \* \* \* \*

Nor can it be said that the order itself determines matters which are "a critical and necessary part of" a judgment.

*Id.*, 786 F.2d at 1269 (citing *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (5th Cir.1985)). *Avondale* is not controlling for reasons which are clear from the history of the California litigation.

If a partial summary judgment is never to have preclusive effect, a party involved in a series of suits against different litigants will have the option to avoid preclusive effects in future suits simply by settling the current suit whenever an unfavorable summary judgment order is issued. This would be directly contrary to the goal of judicial economy that collateral estoppel is designed to promote.

*Siemens Medical Sys., Inc. v. Nuclear Cardiology Sys., Inc.*, 945 F.Supp. 1421, 1435 (D.Colo.1996) (criticizing *Avondale* and holding that issue preclusion could be based on order for partial summary judg-

ment in appropriate circumstances) (citing *Parklane*, 439 U.S. at 326, 99 S.Ct. 645). When "the court has entered a partial summary judgment against a party on an entire claim and the losing party chooses to settle rather than secure an appeal, that party will face subsequent application of the doctrine of issue preclusion." *Id.* at 1436.

■ Contrary to the Defendants' argument that a partial summary judgment is not a final order for purposes of collateral estoppel, the rule is that the standard of finality is flexible and is less stringent for issue preclusion than claim preclusion. *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir.2000) (citations omitted).[4] In *Johnson v. United States*, 576 F.2d 606, 614 (5th Cir.1978),[5] the Eleventh Circuit reviewed the offensive use of collateral estoppel and recognized that

under federal principles a party who has had a full and fair opportunity to litigate an issue decided in a prior suit may be precluded from relitigating that issue in a subsequent action, even though the subsequent adversary was not a party to the prior litigation.

To successfully prevail the movant must show that (1) the issue to be determined is identical to the issue in the prior litigation; (2) the issue was "actually litigated" in the prior action; and (3) the determination made in the prior action was "necessary and essential" to the resulting judgment. *Id.* at 615. *Accord Christo*, 223 F.3d at 1339 (adding fourth element that "party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding") (citing *Pleming v. Universal–Rundle*

---

**4.** *See also In re Lawrence H. Edger*, 228 B.R. 772 (Bankr.M.D.Fla.1998) (holding that a partial summary judgment can operate as a final decision and have preclusive effect for purposes of collateral estoppel).

**5.** The Eleventh Circuit is bound by decisions of the Fifth Circuit Court of Appeals made on or before September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)).[6]

In *TM Patents, L.P. v. Int'l Business Machines Corp.*, 72 F.Supp.2d 370, 376 (S.D.N.Y.1999), the parties arguing against the preclusive effect of collateral estoppel to bar relitigation of claims construction issues reasoned that the rulings made in a prior lawsuit, after a *Markman* hearing, regarding the meaning of certain disputed patent terms should not be given collateral estoppel effect because said rulings were not sufficiently final. The court disagreed and concluded that the rulings were binding on the parties to the prior action because they had a full and fair opportunity to litigate the meaning of those terms in the prior lawsuit. *Id.* at 375. The application of collateral estoppel does not require a final judgment " 'but includes many dispositions which, although not final in that sense, have nevertheless been fully litigated.' " *Id.* at 376 (citation omitted).

The fact that the conclusions were not reviewed on appeal because the case was settled is not determinative if the prior rulings made by the court are not vacated as part of the settlement; "[t]hey therefore remain preclusive." *Id.* at 378

(citations omitted). In the context of patent law, "when a court, acting as a matter of law, draws binding conclusions," such as in a *Markman* ruling, the preclusive effect given to the rulings derives from "[t]he fact that the judge makes the ruling." *Id.* at 378–79. "Nothing more remained to be adjudicated; nothing more remained to be decided on the issue of claim construction." *Id.* at 377. Similarly, once the California court issued its rulings, nothing more remained to be decided on the issue of validity, enforceability and infringement of the Dana '922 Patent.

In this case all of the elements necessary to give the California orders collateral estoppel effect have been satisfied. The issues raised by the parties in *L.A. Gear, Inc. v. E.S. Originals, Inc.*, 57 F.3d 1083, 1995 WL 305197 (Fed.Cir.1995), regarding the validity, enforceability and infringement of the Dana '922 Patent are identical to the issues raised by the parties in this case.[7] The record is clear that the issues were contentiously litigated and the rulings made by the California court were critical and necessary parts of the issues in the case. Those same issues are what the defendant wishes to relitigate here.[8]

---

6. An issue has been "actually litigated" when it has been "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)).

7. In the California action, as stated in L.A. Gear's First Amended Complaint, the "infringing shoes" included but were not limited to, shoes sold under the names Voit Fireball, Voit Strobe, Voit Tracers, Kaleidoscope (and/or Kaleidoscope Crossfire), Infra–Red Nucleus, Regent Crossfire, Air Knights Crossfire, and Sasson Sparklers. This is the exact description of the infringing shoes in this case.

8. In response to the court's inquiry as to the what issues it would have to decide if the plaintiff's motion for partial summary judgment be denied, defense counsel was clear that E.S.O. would seek to relitigate the ruling on infringement made in the California court.
Mr. Schiffmiller: Your Honor, we suggest that, number one, we believe that Judge Rea was wrong. We believe we would have gotten it reversed by the federal circuit, or at least, the California counsel handling that case would have gotten it reversed. The client wanted to settle at that point. And not only was he wrong at that time, we believe that with the additional authorities which has occurred since 1995, he is even more wrong, and the federal circuit would surely have reversed that decision.
Tr. of Hr'g of Mot. for Summ. J. at 24:3–12.

## IV. *Conclusion*

As in *Parklane* this Court finds that none of the circumstances that might cause hesitation in the offensive use of collateral estoppel are present. First, the defendant was aware of the assignor patent-owner as a potential adversary in a future action and attempted to preclude future litigation by a private agreement in lieu of joining the assignor.[9] Second, there is no showing that the defendant's exposure to damages is large in this case compared to the exposure in the litigated case.[10] Third, allowing offensive use of collateral estoppel in this case would not be inconsistent with a prior judgment entered in favor of the defendant anywhere. Fourth, there is no showing that procedural opportunities unavailable in the first action, now available, could cause a different result.

In that Dana was not a party in the California lawsuit or a party to the settlement agreement, and otherwise had no relationship with L.A. Gear or E.S.O. that would bind him to an agreement reached by them, the intent of the parties to bind him to terms of the settlement agreement is ineffective.

For all the above reasons, the principle of collateral estoppel precludes the defense of invalidity and infringement. Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment [D.E. 146] is hereby **GRANTED**.

Any pending motions not ruled upon are rendered moot by this order granting partial summary judgment. By separate order this case will be set for a hearing on damages.

---

9. Dana's videotaped deposition in the prior lawsuit was taken in Florida.

10. Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories, specifically Interrogatory No. 8, states that "Plaintiff did not commercially exploit the patent in suit prior to August 11, 1993. Plaintiff did not sell or license products under the patent in suit prior to August 11, 1993."