Jean–Frantz BAZILE, pro se Plaintiff,

v.

**LUCENT TECHNOLOGIES,**
Defendant.

No. 04–80543–CIV.

United States District Court,
S.D. Florida.

Nov. 29, 2005.

Jean–Frantz Bazile, Boca Raton, FL, Pro se Plaintiff.

Richard D. Tuschman, Esquire, Kellee J. Knepper, Esquire, Epstein, Becker & Green, P.C., Miami, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PAINE, District Judge.

This matter is before the Court upon the Defendant's Motion for Summary Judgment (DE 18). Upon due consideration of the record the Court finds that the Defendant's Motion for Summary Judgment shall be granted.

### PROCEDURAL BACKGROUND

The Plaintiff filed the Complaint in this action on June 2, 2004. This Court dismissed the Complaint without prejudice in August 23, 2004. On September 13, 2004,

the Plaintiff filed an Amended Complaint (" Amended Complaint"). The Plaintiff's Amended Complaint seeks to enforce his rights under the Employee Retirement Income Security Act of 1974 ("ERISA"). Namely, the Plaintiff alleges that the Defendant has wrongfully denied him of his disability pension benefits.

## SUMMARY JUDGMENT STANDARD

The procedure for disposition of a summary judgment motion is well established. According to the Federal Rules of Civil Procedure, summary judgment is authorized only when:

> the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

The party moving for summary judgment has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the *Adickes* Court explained that when assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the nonmovant. *Id.*

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FINDINGS OF FACT

1. On April 29, 1996 the Plaintiff filed a complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. 1996 Complaint. In the 1996 Complaint the Plaintiff asserted various counts against Lucent[1] including: violation of the Rehabilitation Act of 1973, Disparate treatment violation of the Florida Civil Rights Act of 1992, and Intentional Infliction of Emotional Distress. *Id.*

2. The 1996 Complaint was removed to the United States District Court for

---

1. Lucent is the successor in interest to the original defendant AT & T–Bell Laboratories, Inc., a/k/a AT & T Microelectronics. Fifth Circuit Opinion and Amended Complaint.

the South District of Florida and then transferred to the United States District Court for the Northern District of Texas. Order Granting Transfer.

3. On September 19, 1997 the United States District Court for the Northern District of Texas granted Lucent's Motion for Summary Judgement on the federal claims and dismissed the remaining state claims without prejudice. Order Granting Summary Judgement.

4. The Plaintiff appealed the entry of summary judgment in Lucent's favor and on April 20, 1998 the Fifth Circuit United States Court of Appeals affirmed the district court's ruling. Fifth Circuit Opinion. In its Opinion, the Fifth Circuit found that as a result of the independent examination, Lucent informed Bazile by letter dated January 31, 1995, that if he failed to return to work or fill out the necessary Family and Medical Leave Act ("FMLA") forms by February 6, 1995, he would be terminated. The court then found that Bazile failed to return to work or fill out the FMLA forms by February 6th. The court concluded that consequently, Lucent terminated his employment and leave benefits. *Id.*

5. On June 4, 2004 the Plaintiff filed another compliant in the Fifteenth Judicial Circuit in Palm Beach County, Florida alleging violations of the Family Medical Leave Act. Fifteenth Judicial Circuit 2004 Complaint. That cause of action was removed to this Court.

6. On August 23, 2004 this Court dismissed the matter without prejudice. The Plaintiff in his answer to the Defendant's Motion to Dismiss, asserted that this was in fact an ERISA cause of action even though the Plaintiff had not asserted an ERISA claim in his Complaint. The Court dismissed the cause of action without prejudice allowing the Plaintiff to re-file the Complaint and assert the appropriate claims. DE 5.

7. On September 13, 2004 the Plaintiff filed an Amended Compliant alleging that the Defendant wrongfully denied his disability pension benefits in violation of ERISA.

8. The Plaintiff was employed by the Defendant Lucent from March 10, 1980 until January 10, 1995. In 1990 the Plaintiff was transferred to Mesquite, Texas from the New York/New Jersey area.

9. In April of 1993, the Plaintiff suffered a relapse of depression and took a thirty-three day leave of absence. Fifth Circuit Opinion. He took an additional leave of absence in March of 1994. *Id.* The Plaintiff then returned to work, but took another extended leave of absence on June 28, 1994. *Id.* The Plaintiff worked for two days in August before he went on leave again. *Id.* The Plaintiff was on certified sickness disability leave from June 28, 1994 through January 9, 1995. *Id.* During this leave, the Plaintiff bought a house in Florida, and in August the Plaintiff's wife and children moved from Texas to Florida. *Id.* In September 1994, while still on leave, the Plaintiff moved to Florida to be with is wife and children. *Id.*

10. As of January 10, 1994, the Plaintiff was no longer entitled to receive sickness disability benefits and was told to return to work. *Id.* On January 10, 1995, the Plaintiff returned to work, but again returned to Florida two days later. *Id.* On January 19, 1995, Dr. Kurlander performed an independent psychiatric examination on the Plaintiff. *Id.* Dr. Kurlander

opined that the Plaintiff was well enough to resume his job and that the Plaintiff was trying to manipulate Lucent to transfer him to Florida. *Id.*

11. By letter dated January 31, 1995, Lucent informed the Plaintiff that if he failed to return to work or fill out the necessary Family and Medical Leave Act of 1993 forms by February 6, 1995, he would be terminated. January 31, 1995 letter. The Plaintiff failed to return to work or fill out the requisite forms by February 6, 1995. Thereafter, Lucent terminated the Plaintiff's employment and leave benefits. Fifth Circuit Opinion.

12. By letter dated October 3, 2003, the Plaintiff requested, from Lucent, an early disbursement of his service pension benefits. Lucent responded to Plaintiff's correspondence in two separate letters. By letter dated October 20, 2003, Lucent explained to the Plaintiff that he did not meet the criteria for early disbursement because he did not have a term of employment of 20 or more years. October 20, 2003 letter. By letter dated October 22, 2003 Lucent explained to the Plaintiff that the circumstances surrounding his termination had already been litigated, and that the review of his claim would be limited to his eligibility under the Pension Benefits Plan ("the Plan"). October. 22, 2003 letter.

13. By letter dated January 30, 2004, the Plaintiff made a claim for disability pension benefits. Lucent, by letter dated February 18, 2004, informed the Plaintiff that his claim would be reviewed by Lucent's Benefit Claim and Appeal Committee. By letter dated May 28, 2004, Lucent informed the Plaintiff that his request for disability pension benefits was denied based on his failure to meet the criteria for eligibility under the Plan.

## DISCUSSION

### *Was the Plaintiff wrongfully denied disability pension benefits by Lucent's Plan Administrator?*

■ ERISA provides no standard for reviewing decisions of plan administrators or fiduciaries. *Williams v. BellSouth Telecommunications, Inc.,* 373 F.3d 1132, 1134 (11th Cir.2004) citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). But *Firestone* established three distinct standards for reviewing administrators' plan decisions: "(1) *de novo* where the plan does not grant the administrator discretion [i.e. does not exercise discretion in deciding claims]; (2) arbitrary and capricious [where] the plan grants the administrator [such] discretion; and (3) heightened arbitrary and capricious where [the plan grants the administrator such discretion but] ...[he has]... a conflict of interest." *Id.* citations omitted.

■ Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the court evaluates the claims administrator's interpretation of the plan to determine whether it is "wrong." *HCA Health Services of Georgia, Inc. v. Employers Health Insurance Company,* 240 F.3d 982, 993 (11th Cir. 2001) citing *Godfrey v. BellSouth Telecommunications, Inc.,* 89 F.3d 755, 758 (11th Cir.1996) ("we first conduct a *de novo* review to decide if the [claims administrator's] determination was wrong."); *see also Marecek v. BellSouth Telecommunications, Inc.,* 49 F.3d 702, 705 (11th Cir.1995) (explaining that when the district court agrees with the ultimate decision of the administrator, it will not decide whether a conflict exists. Only when the court dis-

agrees with the decisions does it look for a conflict and, when it finds such a conflict, it reconsiders the decision in light of this conflict). "Wrong" is the label used by our precedent to describe the conclusion a court reaches when, after reviewing the plan documents and disputed terms *de novo*, the court disagrees with the claims administrator's plan interpretation. *Id* at 994 n. 23 citing *Yochum v. Barnett Banks, Inc.*, 234 F.3d 541 (11th Cir.2000).

■ The Plan names Lucent as the Plan Administrator. *See* LaForge Declaration and the Plan. The Plan Administrator is given discretion in construing the terms of the Plan and reviewing claims made for benefits under the Plan. *Id.* Because the Plan grants Lucent discretion in the exercise of deciding claims, a *de novo* review is inapplicable and at a minimum, arbitrary and capricious review applies. Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the court evaluates the claims administrator's interpretation of the plan to determine whether it is "wrong."

■ Accordingly, the Court must now evaluate Lucent's claims administrator's interpretation of the Plan to determine whether it is "wrong." The Plan provides in pertinent part that:

> You can retire with a disability pension if:
>
> 1. You have completed at least 15 years of Net Credited Service, and
>
> 2. You are disabled due to an illness or an injury that is not job-related, and
>
> 3. You're terminated from the payroll due to your continued total disability after receiving 52 weeks of sickness disability benefits from the Sickness and Accident Disability Benefit Plan.

Management Pension Plan p. 407.

According to the Defendant, the Plaintiff has failed to meet any of the three criteria established by the Plan. The Defendant asserts that because the claims administrator's interpretation of the Plan is not wrong, the Defendant is entitled to summary judgment in its favor. On the other hand, the Plaintiff argues that he has "technically" met the three criteria and/or would have met them if the Defendant had not maliciously terminated him.

A review of the record establishes that the Plaintiff was employed by the Defendant Lucent from March 10, 1980 until January 10, 1995. The record therefore, establishes that Plaintiff's employment fell short of the 15 years required in order to receive the disability benefits. The Plaintiff himself admits that he was employed by the Defendant for fourteen years and ten months. Letter dated January 30, 2004. Accordingly, the Plaintiff has failed to establish the first criteria required by the Plan.

The Plan next requires that the Plaintiff be disabled due to an illness or an injury that is not job-related. A person is deemed disabled if the Pension Plan Administrator determines that your disability prevents you from returning to work for the Company. As of January 10, 1995, the Plaintiff was no longer certified by Health services to receive Sickness Disability Pensions and was told to return to work. Robinson Declaration, Fifth Circuit Opinion. Accordingly, the Plaintiff has failed to establish the second criteria required by the Plan.

The third criteria required by the Plan is that the Plaintiff be terminated from the payroll due to his continued total disability after receiving 52 weeks of sickness disability benefits from the Sickness and Accident Disability Benefit Plan. The Plaintiff was terminated for failing to report to work. Fifth Circuit Opinion. Accordingly, he was not terminated from the payroll

due to his continued disability after receiving 52 weeks of sickness disability benefits and therefor fails to establish the third criteria required by the Plan. Furthermore, the Plaintiff was on Certified Sickness Disability for far less than the required 52 weeks.[2]

Accordingly upon a *de novo* review of the record, the Court finds that the Plaintiff has failed to establish the three criteria provided by the Plan required for disability pension benefits. Therefore, the Plan Administrator's decision to deny the Plaintiff's claim for benefits was not "wrong."

■ The Court notes that the crux of the Plaintiff's argument that the Defendant is not entitled to summary judgment is that, but for his malicious termination he would have met the three criteria set forth in the Plan. Initially, the Court notes that the Plaintiff has not provided the Court with any evidence and has simply rested upon mere allegations of denials of the pleadings. Even taking the Plaintiff's proffered unsubstantiated arguments into consideration, the Court finds that the Plaintiff has not raised any material issues of fact. In the Plaintiff's 1996 Complaint, he asserted that Lucent had violated the Americans with Disabilities Act, section 501 of the Rehabilitation Act of 1973, the Florida Civil Rights Act of 1992, and caused Intentional Infliction of Emotional Distress. Among these claims was the Plaintiff's assertion that he was wrongfully terminated. The United States District Court for the Northern District of Texas entered summary judgment in favor of Lucent, on the federal claims and dismissed the state claims. The Plaintiff appealed the district court ruling. However, the Fifth Circuit for the United States Court of Appeals affirmed the district

court's ruling. The Plaintiff did not re-file the state claims. The doctrine of res judicata is applicable to the Plaintiff's malicious termination argument.

■ Under res judicata a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. *Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir.1992). It is well settled that res judicata turns primarily on the commonality of the facts of the prior and subsequent actions, not on the nature of the remedies sought. *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir.1984).

The Plaintiff's original lawsuit in which he asserted claims including the violation of the Rehabilitation Act of 1973, Disparate Treatment Violation of the Florida Civil Rights Act of 1992, and Intentional Infliction of Emotional Distress against Lucent, was decided on summary judgment by the United States District Court for the Northern District of Texas. Thereafter, the Fifth Circuit United States Court of Appeals affirmed the district court's summary judgment ruling.

The Plaintiff's original law suit was decided by a court of competent jurisdiction. The Plaintiff's original law suit asserted a

---

**2.** The Plaintiff was on Certified Sickness Disability from June 28, 1994 until January 10, 1995.

federal question, namely Plaintiff's Claim under the Americans with Disabilities Act. This claim provided the district court with original jurisdiction pursuant to the United States Constitution. Accordingly, both the district court and the court of appeals were courts of competent jurisdiction over the matter. Thus the first element in establishing res judicata is satisfied.

■ A judgment rendered upon a motion for summary judgment is a final judgment on the merits and is entitled to the full preclusive effect of any final judgment. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 110 (5th Cir.1975). A summary judgment constitutes a final judgment on the merits. Therefore a final judgement on merits was entered on the Plaintiff's original law suit and the second element in establishing res judicata is satisfied.

The parties in both the original lawsuit and the present lawsuit are identical. Lucent is the successor in interest to the original defendant AT & T–Bell Laboratories, Inc., a/k/a AT & T Microelectronics. Fifth Circuit Opinion and Amended Complaint. Accordingly the third element in establishing res judicata is satisfied.

■ The final element to establish res judicata is whether both suits involve the same cause of action. In general, if a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of res judicata. *In re: Piper Aircraft Corporation,* 244 F.3d 1289, 1297 (11th Cir.2001) citing *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1239 (11th Cir.1999). Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact. *In re: Piper Aircraft Corporation,* 244

F.3d 1289, 1298–99 (11th Cir.2001) citing *Manning in Pleming v. Universal–Rundle Corp.,* 142 F.3d 1354 (11th Cir.1998). A court, therefore, must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case. *Id.*

The Plaintiff's original lawsuit arose out of his termination of employment with Lucent. The Fifth Circuit Opinion provides:

Lucent informed Bazile by letter dated January 31, 1995, that if he failed to return to work or fill out the necessary [FMLA] forms by February 6, 1995, he would be terminated. Bazile failed to return to work or fill out the FMLA forms by February 6th. Consequently Lucent terminated his employment and leave benefits. Fifth Circuit Opinion.

The Plaintiff is now trying to re-litigate the issue of his termination. His argument in opposition to the Defendant's Motion for Summary Judgment is that he "would have met [the criteria for eligibility under the Plan] if Lucent did not maliciously terminate him." The Fifth Circuit found that the Plaintiff was not maliciously terminated, that he was terminated for failing to return to work. Accordingly, the fourth element in establishing res judicata has been satisfied.

In light of res judicata, the Plaintiff's reliance on his argument that he was maliciously terminated is misplaced. Accordingly, even viewing the evidence in the light most favorable to the Plaintiff, the Court finds that the the Plaintiff has not provided any evidence that established a material issue of fact in this matter. The Plaintiff did not meet the criteria for eligibility for disability pension benefits under the Plan, accordingly the Plan Administrator's decision was not wrong. The Defendant, therefore, is entitled to a judgment as a matter of law. Accordingly it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment (DE 18) is GRANTED.